IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| MIDWESTERN MIDGET<br>FOOTBALL CLUB, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>RIDDELL, INC.,<br><br>    Defendant. | No. 2:15-cv-00244<br>Hon. John T. Copenhaver |

To:   **USA Football, Inc.**
       45 N. Pennsylvania Street
       Suite 700
       Indianapolis, Indiana 46204

       **REGISTERED AGENT**:
       Jennifer M. Phelps
       45 N. Pennsylvania Street
       Suite 700
       Indianapolis, Indiana 46204

## NOTICE OF DOCUMENT SUBPOENA

**TO:**   **Counsel for Defendant Riddell:**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff, by their undersigned counsel, will subpoena USA Football, Inc. to produce documents and electrically stored information and documents, as indicated on Exhibit A of the subpoena attached thereto. The subpoena directs that the time and place for production is **September 2, 2016** starting at **10:00 a.m. (EDT)** at **Hinge Bureau, 719 Virginia Avenue, Suite 101, Indianapolis, Indiana 46203**. You are invited to attend the production, or to serve a demand for additional documents.

892944

1

| | |
|---|---|
| Dated: August 3, 2016 | Respectfully submitted, |
| | /s/Michael Murphy |
| | Michael Murphy |
| | Bailey & Glasser LLP |
| | 1054 31st St. NW, Suite 230 |
| | Washington, DC 20007 |
| | T: 202.463.2101 |
| | F: 202.463.2103 |
| | mmurphy@baileyglasser.com |
| | |
| | Marc Weintraub |
| | Ryan McCune Donovan |
| | Bailey & Glasser LLP |
| | 209 Capitol St. |
| | Charleston, WV 25301 |
| | T: 304.345.6555 |
| | F: 304.342.1110 |
| | mweintraub@baileyglasser.com |
| | rdonovan@baileyglasser.com |
| | |
| | *Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

The foregoing Notice of Document Subpoena was served on counsel of record through this Court's CM/ECF system on August 3, 2016 to the following counsel:

John H. Tinney, Jr.
HENDRICKSON & LONG
P. O. Box 11070
Charleston, West Virginia 25339
jtinney@handl.com

Joseph A. Boyle
Michael C. Lynch
Sung W. Kim
James B. Saylor
KELLEY DRYE & WARREN
101 Park Avenue
New York, New York 10178
jboyle@kelleydrye.com
mlynch@kelleydrye.com
sukim@kelleydrye.com
jsaylor@kelleydrye.com

*Counsel for Defendant Riddell, Inc.*

James E. Cecchi
CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
jcecchi@carellabyrne.com

D.G. Pantazis, Jr.
WIGGINS CHILDS PANTAZIS FISHER GOLDFARB
The Kress Building
301 19th Street
North Birmingham, Alabama 35203
dgpjr@wigginschilds.com

*Counsel for Plaintiffs in In re Riddell Concussion Reduction Litigation*
*Case No. 1:13-cv-07585-JBS-JS (D.N.J.)*
*(Interested Parties)*

Dated: August 3, 2016                    /s/Michael L. Murphy
                                         Michael Murphy
                                         BAILEY GLASSER LLP

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | |
|---|---|
| Midwestern Midget Football Club, Inc, <br> *Plaintiff* <br> v. <br> Riddell, Inc. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:15-cv-00244-JTC |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: USA Football, Inc., REGISTERED AGENT: Jennifer M. Phelps, 45 N. Pennsylvania Street, Suite 700, Indianapolis, Indiana 46204

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: Hinge Bureau <br> 719 Virginia Avenue, Suite 101 <br> Indianapolis, Indiana 46203 | Date and Time: <br> 09/02/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/03/2016

*CLERK OF COURT*

OR

_____     /s/Michael L. Murphy
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Class Action Plaintiff , who issues or requests this subpoena, are:

Michael L. Murphy, Esq., Bailey Glasser LLP, 1054 31st Street NW, Suite 230, Washington DC 20007  T: 202.463.2101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-00244-JTC

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:15-cv-00244 Document 90 Filed 08/03/16 Page 6 of 12 PageID #: 1057

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| MIDWESTERN MIDGET<br>FOOTBALL CLUB, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>RIDDELL, INC.,<br><br>      Defendant. | No. 2:15-cv-00244<br>Hon. John T. Copenhaver |

To:   **USA Football, Inc.**
       45 N. Pennsylvania Street
       Suite 700
       Indianapolis, Indiana 46204

       **REGISTERED AGENT**:
       Jennifer M. Phelps
       45 N. Pennsylvania Street
       Suite 700
       Indianapolis, Indiana 46204

### EXHIBIT A TO THE SUBPOENA OF USA FOOTBALL, INC.

      Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff, through counsel, serves the following subpoena:

### INSTRUCTIONS

      1.      On December 2, 2014, Plaintiff filed a class action against Riddell, Inc. in the Circuit Court for Kanawha County, West Virginia. The case was removed to the United States District Court for the Southern District of West Virginia. Plaintiff's Second Amended Complaint alleges that Riddell's advertisements and public statements linking the 31% concussion reduction claim to its Revolution youth helmets specifically (or more broadly as part of the Revolution "family of helmets") were misleading because the UPMC study on which Riddell relied did not include youth helmets. (ECF No. 45, ¶¶ 9-10, 31).

      2.      Documents requested to be produced, which are in Your possession, custody, and/or control, should be produced within the time period required by the Federal Rules of Civil Procedure and to **Hinge Bureau, 719 Virginia Avenue, Suite 101, Indianapolis, Indiana 46203**, at **10:00 a.m. (EDT)** on **September 2, 2016**, or at another mutually-agreeable time and location.

1

3. In producing documents, indicate the paragraph and subparagraph (where applicable) to which a produced document is responsive.

4. If any Document responsive to these requests has been lost or destroyed, for each such Document state:

   a. the reasons why or circumstances under which the Document was lost or destroyed;

   b. the Person who, or entity which, had possession or custody of the Document

   c. all known facts regarding the substance of the Document;

   d. the author, signatory, addressee(s), recipient(s), Date, and subject of the Document; and

   e. what efforts You have made to locate the Document or a copy thereof.

5. If You withhold any responsive Document based upon a claim of privilege or work product protection, for each such Document, provide the following information:

   a. Identify that Document, including but not limited to, its Date, author(s), addressee(s), and any other recipients;

   b. Identify the contents of the Document being withheld with sufficient particularity to enable Plaintiffs to bring the matter before the court for a ruling on the claim; and

   c. Identify the privilege or doctrine under which the Document is being withheld.

6. If any Document requested to be produced is not now in Your possession, custody, or control or that of Your employees, agents, representatives, officers, directors, but was previously in their or Your custody or control, You are required to:

   a. Identify the Person who now has possession, custody, or control of the Document; and

   b. Describe fully why You or Your agents, representatives, or attorneys do not now have possession, custody, or control of the Document.

7. You are requested to produce original documents. If you are producing copies of the requested documents in lieu of the originals, you will be asked to state, under oath, whether the copies are true and correct copies of the original documents, and the reason for your nonproduction of the originals.

8. File folders with tabs or labels identifying documents called for must be produced intact with the documents.

9. If You encounter any ambiguity in construing the definitions below, these instructions, or the requests contained herein, You must set forth the matter deemed "ambiguous" and indicate the construction chosen and used in responding.

10. Electronic records and computerized information should be produced in an intelligible format or together with a sufficient description of the system or program from which each was derived to permit rendering the material intelligible.

11. Any defined terms that are inadvertently not capitalized in the Requests for Production should be read and interpreted as if they had been capitalized.

12. Plaintiff reserves the right to seek a deposition under Rule 45.

13. Plaintiff will tender any applicable fees on the return date.

## **DEFINITIONS**

1. The terms "**You**," "**Your**," or any variation thereof mean **USA Football, Inc.**, and its officers, agents, representatives, employees, affiliates, and subsidiaries.

2. LR Civ P 26.2 is incorporated herein as if fully set forth herein.

3. The term "**31% Concussion Reduction Claim**" means Riddell's statements that "Research Shows a 31% Reduction in the Risk of Concussions in Players Wearing Riddell Revolution Helmets" and similar statements expressly or impliedly relying on the UPMC Study as defined herein.

4. The term "**Advertisement**" shall mean any written or verbal statement, illustration, or depiction, whether in English or any other language, that is designed to effect a sale or create interest in the purchasing of goods, whether it appears on or in a label, package, package insert, radio, television, cable television, brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of purchase display, film, slide, audio program, transmitted over a telephone system, telemarketing script, on hold script, upsell script, training materials provided to telemarketing firms, program-length commercial ("infomercial"), the Internet, or any other medium.

5. The term "**Agent**" is any person who acts on your behalf or has the power or apparent authority to act on your behalf.

6. The term "**Communication**" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise). LRCivP26.2(c)(l).

7. The term "**Defendant**" means Riddell, Inc., its wholly-owned or partially-owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and

3

affiliates, and all directors, officers, agents, consultants, independent contractors, and other persons working for or on behalf of the foregoing, including but not limited to Riddell Sports Group. The terms shall include any descriptor used by Riddell in its business practices.

8. The term "**Document**" is synonymous in meaning and equal in scope to the usage of this term in FR Civ P 34(a). A draft or non-identical copy is a separate document. LR Civ P 26.2(c)(1).

9. The term "**All Documents**" means any and all documents that might reasonably be located through a search of all locations likely to contain such documents.

10. All forms of the verb "**to include**" must be read in the broadest sense, for example, "including" should be read as "including, but not limited to."

11. The term "**Identify**" means:

    a. When used in reference to a Document means to state: the type of Document (e.g., letter, memorandum, telegram, etc.); the title of the Document, if any; the Date appearing thereon and the Date of the Document's preparation, if known; the Identity of the Person who wrote the Document; the Identity of all Persons to whom the Document was addressed or distributed; a brief summary of its substance; a further general description of the Document if such is necessary to enable it to be distinguished from other like Documents; and the physical location of the Document and the Identity of the custodian. If any such Document was, but no longer is, in Your possession, custody, or control, state what disposition was made of it.

    b. When used in reference to an incident or action means to provide a detailed description of the event or occurrence, including appropriate references to Dates, times, Persons, and Documents.

    c. When used in reference to a natural Person means to state the individual's full name, his or her present business and home Addresses (or, if unknown, the last known business and home Addresses), his or her telephone number, and his or her positions, business affiliations, and Addresses at all times relevant to the question.

    d. When used in reference to a Person other than a natural Person means to state its full name; the Address of its principal place of business; the nature of the entity, if known (*e.g.*, type of government agency); and the principal Persons involved with the entity at all times relevant to the interrogatory or document request in question.

12. The term "**Person**" means any natural person or any business, legal or governmental entity, or association. LR Civ P 26.2(c)(6).

4

13. The term "**Promotional Material**" means any expenditure designed to create interest in the purchasing of goods or services that is not counted as Advertising, as defined herein, including but not limited to press releases, video news releases, and other Communications with any print, television, or radio media, or any website designer, developer, manager, or host, or any online service, coupons, and payments for shelf space.

14. The terms "**Relate to**," "**Related to**," or "**Relates to**" mean constituting, embodying, consisting of, referring to, reflecting on, evidencing, arising out of, or in any way or manner legally, factually, or logically connected with the matter discussed.

15. The terms "**Revolution Family of Products**" or "**Revolution Family of Helmets**" shall mean any football helmet made by Riddell the name of which includes "Revo" or "Revolution" or that features "Revolution Concussion Reduction Technology," "Concussion Reduction Technology," or "CRT," including but not limited to the Revolution, the IQ, the IQ Hits, the Speed, the Youth and the Youth Speed. *See, e.g., Riddell, Inc. v. Schutt Sports, Inc.*, 724 F. Supp. 2d 963, 970 (W.D. Wisc. 2010).

16. The term "**Study Participants**" means the individuals who participated in the UPMC Study, including but not limited to Micky Collins, Ph.D., Mark R. Lovell, Ph.D., Grant L. Iverson, Ph.D., Thad Ide, M.S., and Joseph Maroon, M.D.

17. The term "**UPMC**" means the University of Pittsburgh Medical Center and its officers, agents, representatives, employees, affiliates, and subsidiaries.

18. The term "**UPMC Study**" means "Examining Concussion Rates and Return to Play in High School Football Players Wearing Newer Helmet Technology: A Three-Year Prospective Cohort Study," which was published in the journal Neurosurgery in February 2006.

19. The term "**each**" means each and every.

20. The term "**and**" means and/or.

21. The term "**any**" means any and all.

22. The term "**or**" means and/or.

23. The use of the singular form includes the plural, and the plural includes the singular.

24. The headings below are mere catchwords and shall not be deemed or construed to modify any of the requests contained herein.

### REQUEST FOR PRODUCTION

1. Communications with Riddell in which it references:

    a. The University of Pittsburgh Medical Center Study;

5

      b.      31% Concussion Study;

      c.      "Concussion Reduction Technology"; or

      d.      Revolution Helmets.

2.      Documents concerning any joint ventures or partnerships between USA Football and Riddell, including any equipment exchanges or donation programs.

3.      Advertisements discussing Revolution Helmets that Riddell placed in any USA Football-affiliated publications, including internet or print advertising.

4.      Presentations that Riddell made to USA Football concerning Revolution Helmets, "Concussion Reduction Technology," and the reduction of concussions.

5.      Presentations that USA Football made to leagues and coaches that discuss Revolution Helmets, "Concussion Reduction Technology," and the reduction of concussions that include information provided by Riddell.

6.      Any materials USA Football sent to leagues or coaches in West Virginia containing information about Revolution Helmets, "Concussion Reduction Technology," and the reduction of concussions.

August 3, 2016                             Respectfully submitted,

                                                MIDWESTERN MIDGET FOOTBALL CLUB, INC.
                                                By counsel,

                                                /s/Michael L. Murphy
                                                Michael L. Murphy
                                                Bailey & Glasser LLP
                                                1054 31st Street NW, Suite 230
                                                Washington, DC 20007
                                                202-463-2101(phone)
                                                202-463-2103(fax)
                                                mmurphy@baileyglasser.com

                                                Marc Weintraub
                                                Ryan Donovan
                                                Bailey & Glasser LLP
                                                209 Capitol St.
                                                Charleston, WV 25301
                                                304-345-6555(phone)
                                                304-342-1110(fax)
                                                mweintraub@baileyglasser.com
                                                rdonovan@baileyglaser.com

                                                Attorneys for Plaintiff