IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

MIDWESTERN MIDGET
FOOTBALL CLUB, INC.,

      Plaintiff,

v.

RIDDELL, INC.,

      Defendant.

Civil Action No. 2:15-cv-00244
(Hon. John T. Copenhaver, Jr.)

## DEFENDANT RIDDELL, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF ALL CLAIMS WITH PREJUDICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(A)(2)

Now comes Defendant, Riddell Inc., by and through its undersigned counsel, and in response to Plaintiff's motion for leave to dismiss its claims against Defendant, with prejudice, states as follows:

1. On August 31, 2016, Plaintiff Midwestern Midget Football Club, Inc. ("Midwestern") filed a Motion for Voluntary Dismissal of all Claims with Prejudice under Federal Rule of Civil Procedure 41(a)(2).

2. Rule 41(a)(2) of the Federal Rules of Civil Procedure provides:

> **(2) By Court Order; Effect.** Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

3. In this action, Defendant Riddell Inc. ("Riddell") has not asserted a counterclaim. See, Answer and Affirmative Defenses to the Second Amended Complaint, Doc. # 81.

4. Further, Midwestern has moved this Court for an Order dismissing all claims *with prejudice*.

5. A plaintiff's motion to voluntarily dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure should not be denied absent substantial prejudice to a defendant. *Andes v. Versant Corp. et al.*, 788 F.2d 1033, 1034 (4th Cir. 1986).

6. Here, as plaintiff has moved for dismissal *with prejudice*, thereby avoiding any potential future prejudice to Riddell.

7. Rule 41(a)(2) grants a district court power to dismiss *with prejudice*, at least implicitly. *Id.* at 1037.

8. Riddell does not object to the relief requested by Midwestern in its Motion to Dismiss. Rather, Riddell hereby adopts and joins in Plaintiff's motion and advocates the immediate entry of an Order dismissing all claims asserted by Plaintiff in this matter.

**WHEREFORE**, Defendant Riddell, Inc. hereby adopts and joins in Plaintiff's Motion to Voluntarily Dismiss All Claims with Prejudice and respectfully requests that this Court enter an Order forthwith granting the relief requested in Plaintiff's motion.

Dated: September 15, 2016          Respectfully submitted,

     /s/ *John H. Tinney, Jr.*
John H. Tinney, Jr. (WVSB#6970)
HENDRICKSON & LONG, PLLC
214 Capitol Street
Charleston, WV 25301
Tel: 304-346-5500
Fax: 304-346-5515
jtinney@handl.com

Michael C. Lynch (admitted *pro hac vice*)
Joseph A. Boyle (admitted *pro hac vice*)
Sung W. Kim (admitted *pro hac vice*)
James B. Saylor (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
Tel: (212) 808-7800
Fax: (212) 808-7898

*Attorneys for Defendant Riddell, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September 2016, the foregoing was electronically filed and served via ECF system and by U.S. mail on the following counsel for Plaintiff:

> Marc R. Weintraub, Esquire
> Bailey & Glasser
> 209 Capitol Street
> Charleston, WV 25301-1386
> mweintraub@baileyglasser.com
>
> Michael L. Murphy, Esquire
> Bailey & Glasser
> 910 17th Street, NW, Suite 800
> Washington, DC 20006
> mmurphy@baileyglasser.com

/s/ John H. Tinney, Jr.
John H. Tinney, Jr.